[Sac. No. 1700. In Bank.—November 18, 1909.]

JOHN WESSLING, Appellant, v. A. B. NYE, Controller of the State of California, Respondent.

PUBLIC OFFICERS—EXPENSES IN DETERMINING ELECTIONS OF MEMBERS OF LEGISLATURE—PAYMENT FROM CONTINGENT FUND.—Any expense lawfully incurred by either house of the legislature, in the exercise of the power conferred on them by section 7 of article IV of the constitution of judging of the qualifications, elections, and return of its members, is a legitimate charge to be paid out of its contingent fund.

ID.—CONTEST NOT PROSECUTED BEFORE HOUSE—EXPENSES CANNOT BE REIMBURSED.—The assembly has no authority to reimburse one of its members who has paid witnesses' and attorneys' fees, costs,

and personal expenses, in the preparation for a contest which was not prosecuted before it, but which was merely dismissed by it on the ground that it had not been inaugurated within the period prescribed by section 274 of the Political Code. In such a case, there is no contractual relation which imposes a legal liability on the assembly to pay such charges, and any attempt to do so must fail because of the constitutional prohibition against gifts of public funds.

ID.—NO IMPLIED DUTY FOR REIMBURSEMENT.—No implied duty for reimbursement of a contestee arises from the constitution, or from the statutes that merely prescribe the procedure in election contests.

APPEAL from a judgment of the Superior Court of Sacramento County. C. N. Post, Judge.

The facts are stated in the opinion of the court.

Henry N. Beatty, Thos. E. Curran, and Francis Dunn, for Appellant.

U. S. Webb, Attorney-General, and R. C. Van Fleet, Deputy Attorney-General, for Respondent.

MELVIN, J.—Appellant was elected a member of the assembly of the state of California and his right to a seat in that body was contested by one Pfaeffle. The election took place on the sixth day of November, 1906; the petitioner received his certificate of election from the registrar of voters of the city and county of San Francisco on November 26, 1906, and Pfaeffle's contest was filed on December 25th of the same year. Testimony with reference to the rights of the parties to the contest was thereafter given before two justices of the peace who had been appointed commissioners according to the requirements of section 275 of the Political Code, and their certificates, with the depositions of the witnesses, having been duly returned through the secretary of state to the assembly, that body, on March 1, 1907, dismissed the contest on the ground that it had not been inaugurated within the period set by the statute of limitations (Pol. Code, sec. 274). Thereafter, the assembly, by resolution, directed the controller to draw his warrant on the treasurer for the sum of $394.00, payable to Mr. Wessling out of the contingent fund of the assembly, for expenses incurred for attorneys' fees, witnesses'

fees, mileage, and incidental expenses in said election contest. The controller refused to draw such warrant, and this appellant petitioned the superior court for a writ of mandate to compel compliance with the aforesaid resolution. Respondent's demurrer to the petition was sustained, and this is an appeal from that judgment.

It is conceded by appellant that there is no direct statutory authority for the payment by either branch of the legislature of the expenses of an election contest, but he insists that the power of the assembly to judge of the qualifications of those asserting the right to membership in that house carries with it the implied authority to expend any sum of money reasonably necessary to the determination of conflicting claims to a seat in that branch of the legislature. Section 7 of article IV of the constitution provides that: "Each house shall choose its officers and judge of the qualifications, elections and returns of its members." In our opinion, any expense lawfully incurred by either house in the exercise of the power thus given by the constitution, would be a legitimate charge to be paid out of its contingent fund; but it is here brought to our attention that this contest was not tried before the assembly. That body merely and properly dismissed the proceeding because it had not been instituted within the prescribed time after the issuance of the certificate of election. The real question presented to us is this: May the assembly reimburse one who has paid witnesses' and attorneys' fees, costs, and personal expenses, in the preparation for a contest which is not prosecuted before the assembly? In answering this interrogatory it is not necessary to determine whether or not upon a trial of a contested election before the assembly that body might order the payment of the fees of witnesses whose testimony as certified by the commissioners should be used in that proceeding; the personal expenses of the contestee; or the fees of attorneys who might have prepared and presented the case of the contestee, either before the commissioners or the assembly; although it is earnestly submitted by the attorney-general that a legislative committee has no power to employ an attorney, but must seek any required legal advice from his office.

It sufficiently appears upon the face of the petition here considered that no proceedings were had before the assembly

or any one of its committees; therefore no contractual relation between the attorney for Mr. Wessling and the assembly had arisen. In the absence of such contractual relation we think there was no legal liability upon the assembly to pay for his services, and that any attempt to do so must fail because of the prohibition against gifts of public funds. (Cal. Const., art. IV, sec. 31; *Powell* v. *Phelan,* 138 Cal. 271, [72 Pac. 335].) The same principles apply with equal force to the items of personal expenses and witnesses' fees.

It may be that the legislature might by statute provide for the payment by a county or by the state, of costs in certain election contests. Such laws have existed in other states. (See *In re Contested Election of O'Neil,* 98 Pa. St. 461.) Our legislature, however, has passed no such law, but, on the contrary, has provided that the fees of officers for duties performed in the preliminary stages of a contested election case shall be paid by the contesting parties. (Pol. Code, sec. 280.) And we do not see how any implied duty for reimbursement of a contestee arises from the constitution, or from the statutes that merely prescribe the procedure in election contests.

The judgment is affirmed.

Henshaw, J., Lorigan, J., Shaw, J., and Angellotti, J., concurred.